# INTERNATIONAL HARVESTER COMPANY OF AMERICA v. FRED L. ALGER.

### (152 N. W. 121.)

**Threshing engine — written order for purchase — delivery — trial de novo.**

> Defendant gave written order for a 20 H. P. International, Type C, tractor engine. Delivery was made by plaintiff in March, 1910. Defendant used engine until October, same year, when he claimed it was not the engine ordered, because it would not show 20-horse power on drawbar. Upon trial *de novo*, this court holds with plaintiff.

Opinion filed March 16, 1915.

Appeal from the District Court of Mountrail County, *Fisk,* J. Affirmed.

*George R. Robbins* and *George A. Bangs,* for appellant.

The meaning of a contract is not evident when, if looking at the subject-matter, it is so unreasonable as to appear unlikely that the parties so intended. To enable one to read the contract in the light of the subject-matter and the effects and consequences, evidence of facts and circumstances, not mere conversations, leading up to and concurrent with the making of the contract, is often necessary. Oral testimony was admissible to show the intention of all parties. Kleuter v. Joseph Schlitz Brewing Co. 143 Wis. 347, 32 L.R.A.(N.S.) 383, 128 N. W. 43; 2 Jones, Ev. § 460; 2 Parsons, Contr. 500; 4 Wigmore, Ev. § 2465; 17 Cyc. 662, 668, 682, 685; 35 Cyc. 120; Barnett v. Hagan, 18 Idaho, 104, 108 Pac. 743; Miller v. Wiggins, 227 Pa. 564, 76 Atl. 711, 19 Ann. Cas. 942; San Miguel Consol. Gold Min. Co. v. Stubbs, 38 Colo. 359, 90 Pac. 842; Bache v. Coppes, Z. & M. Co. 35 Ind. App. 351, 111 Am. St. Rep. 171, 74 N. E. 41; Miller v. Tanners' Supply Co. 150 Mich 292, 114 N. W. 61; Viernow v. Carthage, 139 Mo. App. 276, 123 S. W. 67; Buster Brown Co. v. North-Mehornay Furniture Co. 140 Mo. App. 707, 126 S. W. 988; Meyer v. Everett Pulp & Paper Co. 113 C. C. A. 643, 193 Fed. 857; Willis v. Jarrett Constr. Co. 152 N. C. 100, 67 S. E. 265; Dean v. Gibson, 34 Tex. Civ. App. 508, 79 S. W. 363; O'Neill v. Ogden Aerie, F. O. E. 32 Utah, 162, 89 Pac. 464; Pine Beach Invest. Corp. v. Columbia Amusement Co. 106 Va. 810, 56 S. E. 822; Parks v. Elmore, 59 Wash. 584, 110 Pac. 381; New England Dressed Meat & Wool Co. v. Standard Worsted Co. 165 Mass. 328, 52 Am. St. Rep. 516, 43 N. E. 112; Ross v. Frank, 13 Cal. App. 88, 108 Pac. 1025; McKeefrey v. Dimmick, 166 Fed. 370; 9 Cyc. 578; 2 Elliott, Contr. § 1531; Fearnley v. Fearnley, 44 Colo. 417, 98 Pac. 821; MacKinnon Boiler & Mach. Co. v. Central Michigan Land Co. 156 Mich. 11, 120 N. W. 26.

The order and contract are clearly ambiguous and are open to several different meanings. They are too indefinite. Webster's New Int. Dict. p. 1525; 38 Cyc. 670; Toedtemeier v. Clackamas County, 34 Or. 66, 54 Pac. 954.

The vendor must deliver the subject-matter of the sale. The thing that both parties intended. His contract is not satisfied with less. He

must comply with his full contract. Mechem, Sales, §§ 1154, 1210, 1333, 1334; Northwestern Cordage Co. v. Rice, 5 N. D. 432, 57 Am. St. Rep. 563, 67 N. W. 298; Columbian Iron Works & D. D. Co. v. Douglas, 84 Md. 44, 33 L.R.A. 103, 57 Am. St. Rep. 362, 34 Atl. 1118; King v. Rochester, 67 N. H. 310, 39 Atl. 256; National Water Purifying Co. v. New Orleans Waterworks Co. 48 La. Ann. 773, 19 So. 865; Webster-Gruber Marble Co. v. Dryden, 90 Iowa, 37, 48 Am. St. Rep. 417, 57 N. W. 637; Huson Ice & Mach. Works v. Bland, 167 Ala. 391, 52 So. 445; Standard Oil Co. v. Weeks, 167 Ala. 403, 52 So. 443; Pruitt Commission Co. v. Dispatch Co. — Tex. Civ. App. —, 129 S. W. 1150; Birdsall v. Coon, 157 Mo. App. 439, 139 S. W. 243; Mette & K. Distilling Co. v. Lowrey, 39 Mont. 124, 101 Pac. 966; Springfield Shingle Co. v. Edgecomb Mill Co. 52 Wash. 620, 35 L.R.A.(N.S.) 258, 101 Pac. 233; Morse v. Moore, 83 Me. 473, 13 L.R.A. 224, 23 Am. St. Rep. 783, 22 Atl. 362; Pope v. Allis, 115 U. S. 363, 29 L. ed. 393, 6 Sup. Ct. Rep. 69; Avil Pub. Co. v. Bradford, 121 Mo. App. 577, 97 S. W. 238; Mine Supply Co. v. Columbia Min. Co. 48 Or. 391, 86 Pac. 789.

If the defendant had voluntarily retained and accepted the substituted engine, his rights would be controlled by the contract as construed by the courts of this state, and he could recoup or counterclaim damages as allowed thereby. 35 Cyc. 431; 2 Mechem, Sales, 1392, 1393; Northwestern Cordage Co. v. Rice, 5 N. D. 432, 57 Am. St. Rep. 563, 67 N. W. 298; Watson v. Bigelow Co. 77 Conn. 124, 58 Atl. 741; Morse v. Moore, 83 Me. 473, 13 L.R.A. 224, 23 Am. St. Rep. 783, 22 Atl. 362; Springfield Shingle Co. v. Edgecomb Mill Co. 52 Wash. 620, 35 L.R.A.(N.S.) 258, 101 Pac. 233; Mine Supply Co. v. Columbia Min. Co. 48 Or. 391, 86 Pac. 789; 35 Cyc. 430.

*Scott Rex,* for respondents.

The rule that parol evidence is inadmissible to alter or vary a written contract has uniformly been held and followed by this court in this class of cases. Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Reeves v. Corrigan, 3 N. D. 415, 57 N. W. 80; Houghton Implement Co. v. Doughty, 14 N. D. 331, 104 N. W. 516; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903.

This case does not come within any exception to such rule. The parties here deliberately put their contract into a writing which is com-

plete in itself, and is in such language and plain terms as import a complete legal obligation, without ambiguity or uncertainty. Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Diebold Safe & Lock Co. v. Huston, 55 Kan. 104, 28 L.R.A. 53, 39 Pac. 1035; Seitz v. Brewer's Refrigerating Mach. Co. 141 U. S. 510, 35 L. ed. 837, 12 Sup. Ct. Rep. 46; Richardson v. Carlis, 26 S. D. 202, 128 N. W. 168, Ann. Cas. 1913B, 47; Kleeb v. Bard, 7 Wash. 41, 34 Pac. 138; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903.

Where, in a contract of sale, the description of the chattel is followed by express words of warranty, the warranty does not extend to the descriptive recital. Ehrsam v. Brown, 76 Kan. 206, 15 L.R.A.(N.S.) 877, 91 Pac. 179; Lombard Water-Wheel Governor Co. v. Great Northern Paper Co. 101 Me. 114, 6 L.R.A.(N.S.) 180, 63 Atl. 555; Wheaton Roller-Mill Co. v. John T. Noye Mfg. Co. 66 Minn. 156, 68 N. W. 854; Holt v. Sims, 94 Minn. 157, 102 N. W. 386; Fuchs & L. Mfg. Co. v. R. J. Kittredge & Co. 242 Ill. 88, 89 N. E. 723; Buckstaff v. Russell, 25 C. C. A. 129, 49 U. S. App. 253, 79 Fed. 611; Lower v. Hickman, 80 Ark. 505, 97 S. W. 681; Reeves & Co. v. Byers, 155 Ind. 535, 58 N. E. 713; 35 Cyc. 381.

Stipulations in contracts such as above quoted for notice to the seller of defects are quite uniformly held to be valid and enforceable. J. I. Case Threshing Mach. Co. v. Vennum, 4 Dak. 92, 23 N. W. 563; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826; Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798; Aultman & T. Co. v. Gunderson, 6 S. D. 226, 55 Am. St. Rep. 837, 60 N. W. 859; Larson v. Minneapolis Threshing Mach. Co. 92 Minn. 62, 99 N. W. 623; Heagney v. J. I. Case Threshing Mach. Co. 4 Neb. (Unof.) 745, 96 N. W. 175; Nichols & S. Co. v. Dallier, 23 N. D. 532, 137 N. W. 570; Kingman v. Watson, 97 Wis. 596, 73 N. W. 438; Fox v. Wilkinson, 133 Wis. 337, 14 L.R.A.(N.S.) 1107, 113 N. W. 669; Murphy v. Russell, 8 Idaho, 133, 67 Pac. 421; Palmer v. Banfield, 86 Wis. 441, 56 N. W. 1090; Nichols v. Knowles, 31 Minn. 489, 18 N. W. 413; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145.

One cannot, except in the case of a breach of warranty, retain and use the property as his own and still recoup damages. The respondent has complied with the contract in every particular, and it is not necessary to speculate on what the rights of the parties might have been if it had not done so. American Theatre Co. v. Siegel, C. & Co. 4 L.R.A. (N.S.) 1167, and case note, 221 Ill. 145, 77 N. E. 588; Fox v. Wilkinson, 133 Wis. 337, 14 L.R.A.(N.S.) 1107, 113 N. W. 669; Springfield Shingle Co. v. Edgecomb Mill Co. 35 L.R.A.(N.S.) 258, note VII-b, pp. 280 et seq; Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Zipp Mfg. Co. v. Pastorino, 120 Wis. 176, 97 N. W. 904; Cream City Glass Co. v. Friedlander, 84 Wis. 53, 21 L.R.A. 135, 36 Am. St. Rep. 895, 54 N. W. 28; Walter A. Wood Mowing & Reaping Mach. Co. v. Calvert, 89 Wis. 640, 62 N. W. 532; Springfield Engine Stop Co. v. Sharp, 184 Mass. 266, 68 N. E. 224; DeKalb Implement Works v. White, 59 Ill. App. 171; Noel v. Kauffman Buggy Co. 32 Ky. L. Rep. 576, 106 S. W. 237; Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707; Fred W. Wolf Co. v. Monarch Refrigerating Co. 252 Ill. 491, 50 L.R.A.(N.S.) 808, 96 N. E. 1063; Wilmerding v. Strouse, 112 N. Y. Supp. 1091.

Appellant's right to claim damages herein is necessarily governed by the terms of the contract. His affirmative claims for damages fall with his defense. Avery Planter Co. v. Peck, 86 Minn. 40, 89 N. W. 1123; Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227.

BURKE, J. This is a trial *de novo*. In January 20, 1910, defendant gave to plaintiff a written order for a 20-horse power International, Type C, tractor gasolene engine; on March 29, 1910, an engine was delivered for which he executed and delivered to the plaintiff two notes, a chattel and real estate mortgage securing the same, for the sum of $1,550, the first note falling due October 1, 1910. Defendant retained said engine and used it until October, 1910, when he notified the plaintiff that he would not accept the same. The written order for the engine mentioned above contained the following provision: "The undersigned hereby acknowledges having received a true copy of this order, agreement, and warranty, as indorsed on the back hereof." The warranty reads as follows: "The International Harvester Company of America (incorporated) warrants the within described engine to do

good work, to be well made, of good material, and durable if used with proper care. If upon one day's trial, with proper care, the engine fails to work well, the purchaser shall immediately give written notice to the International Harvester Company of America, at Chicago, Illinois, and to the agent from whom it was purchased, stating wherein the engine fails; shall allow a reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the engine cannot then be made to work well, the purchaser shall immediately return it to said agent and the price paid shall be refunded, which shall constitute a settlement in full of the transaction. Use of the engine after three days, or failure to give written notice to said company and its agent, or failure to return the engine as above specified, shall operate as an acceptance of it and a fulfilment of its warranty. No agent has power to change the contract or warranty in any respect, and the within order can be canceled only in writing from said company's Chicago office. This express warranty excludes all implied warranties, and said company shall in no event be liable for breach of warranty in an amount exceeding the purchase price of the engine. If, within ninety days' time, any part proves defective, a new part will be furnished on receipt of part showing defect."

Plaintiff had judgment in the court below for a foreclosure of the mortgage and defendant appeals. Although divided into many subdivisions by the assignments of error, we believe the contention of appellant may be narrowed to one, to wit, that the engine actually delivered was not the identical article ordered from the company. In support of this contention, plaintiff offered in evidence the testimony of conversations had by Alger with the sales agent, to the effect that the engine which plaintiff had for sale would develop 20-horse power as a tractor upon the drawbar. Among other things defendant testifies that the agent told him that the engine would draw a larger load than the Hart-Parr 45-22 engine, and that it would do the work of sixteen horses, etc. This testimony is not offered, as we understand it, to show a breach of the written warranty above set forth, but merely to support the contention that the company did not deliver the engine described in his written order. He also offered in evidence statements of the same nature made in March, 1910, by one Smith, who came

out to start the engine and who told him that the engine would do the work of sixteen good work horses,—not ordinary farm horses,—sixteen good big horses. This evidence also was offered to show that the engine delivered was not the one ordered. Likewise, the testimony of defendant that one McManus, the local agent at Minot, made representations to defendant which induced him to believe the engine to be the one ordered, and to retain the same in his possession until fall. Finally, defendant testified that after plowing some 175 acres with the tractor, and keeping the same until October, he learned from the collector whom the company sent to his place, that the engine was only a 10-horse power by actual drawbar test, and he thereupon repudiated the entire transaction.

In other words, if we understand appellant, his contention is that a smaller weaker engine was substituted for the one ordered by him, and the cases cited in appellant's brief are cases where substitution existed. It was expressly conceded through the whole argument that the engine in question was a good engine for its size, was well made, and gave perfect satisfaction in every respect excepting that it would not deliver 20-horse power at the drawbar, although it did deliver more than 20-horse power at the fly wheel by the brake test, and in all respects fulfilled its written warranty. After careful consideration of the evidence, which, of course, cannot be set forth in detail in the confines of this opinion, we have reached the conclusion that the evidence will not bear out appellant's contention. In the first place the order calls for a trade article, a 20-horse power engine. And while the defendant himself testifies that it was understood by the sale agent that he desired to purchase an engine that would deliver 20-horse power at the drawbar, we do not believe such testimony impeaches the written order signed by the defendant which names only 20-horse power International, Type C, tractor gasolene engine. If defendant did not understand the trade meaning of this description, he could easily have ascertained the same from the dealer or from the company direct. The trade talk of the sale agent should not be relied upon to vary the terms of this written order.

Again, the fact that defendant kept and operated the engine nearly six months was a circumstance casting great doubt upon the sincerity of the defendant's present claim. The evidence shows that defendant

is a man of mature years, of more than ordinary intelligence, being a member of the bar of this state. We do not believe that he failed to understand the meaning of the order which he signed, nor the size and power of the engine when it was delivered to him. Nor do we believe he understood said order to mean that the company would deliver him an engine that would deliver 20-horse power at the drawbar. It also appears that this was the largest gas tractor engine at that time manufactured by the plaintiff. It is our judgment, sitting as we do as a trial court in this action, that the engine which appellant ordered was delivered to him; that it complied in all respects with the warranty on which it was sold, and that he should pay therefor. This being the case, the judgment of the trial court is affirmed without a more detailed analysis of the legal points advanced.